```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            WESTERN DIVISION
```

James Gray,                        )
                                   )
            Plaintiff,             )  Case No. 1:03-CV-910
                                   )
     vs.                           )
                                   )
Allstate Insurance Company,        )
                                   )
            Defendant.             )

                        Memorandum and Order

    Plaintiff initiated this matter by filing a complaint against his former employer on December 23, 2003. On September 13, 2004, he filed an amended complaint in which he asserted claims of age discrimination in the termination of his employment in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§621, et seq., and Ohio Revised Code ("O.R.C.") §§ 4112.14 and 4112.99. He also asserted a claim under Ohio common law that Defendant wrongfully terminated his employment in violation of the Ohio public policy embodied in the ADEA and Ohio's anti-discrimination statutes. Finally, he asserted a claim under federal law that Defendant's actions amounted to pension or benefits discrimination in violation of the Employee Retirement Income Security Act ("ERISA").

    On July 29, 2005, Defendant moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, with respect to all of Plaintiff's claims. Defendant argued, *inter*

*alia*, that Plaintiff's ADEA is time-barred, inasmuch as Plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days after Defendant advised him that his employment would be terminated. Defendant argued that Plaintiff's claim under O.R.C. §§ 4112.14 and 4112.99 is barred by Ohio's election-of-remedies doctrine pertaining to claims under chapter 4112. It argued that Plaintiff's Ohio common law claim is subject to dismissal on the ground that statutory law provides an adequate remedy for the alleged wrongful termination of Plaintiff's employment. Finally, Defendant argued that Plaintiff could not establish the existence of a genuine issue of material fact preventing an award of judgment to Defendant with respect to his ERISA claim.

Plaintiff opposes Defendant's motion for summary judgment, except to the extent that it pertains to his ERISA-based claim. He assents to the entry of judgment in Defendant's favor as regards that claim. The Court will, accordingly, grant Defendant's motion as it pertains to Plaintiff's ERISA-related claim. The remainder of Defendant's motion is now before the Court.

1. Background

In the Fall of 2001, Defendant undertook a reorganization resulting in the elimination of a number of

positions.  One affected category of employees was the Market Business Consultants ("MBCs") in the Ohio, Michigan, and Indiana region of Defendant's organization.  Plaintiff was an MBC, and Defendant determined that one of the MBCs from Plaintiff's district would be eliminated.  At the time, Plaintiff was one of the two oldest MBCs in his district at the age of 54.  Defendant selected Plaintiff for termination and so advised him, in person and by letter, on November 9, 2001.

The letter Defendant provided to Plaintiff identified March 8, 2002, as the effective date of the termination of his employment.  It further very strongly suggested that Defendant would actively search for another position for Plaintiff within its organization.  In fact, Defendant did not engage in any such search, and Plaintiff's termination took effect as scheduled.

On October 16, 2002, nearly one full year after he had been advised of the impending end of his employment by Defendant, Plaintiff filed a charge of age discrimination with the EEOC.  He acknowledges that the charge was untimely, but he contends that the doctrine of equitable tolling precludes an award of judgment in Defendant's favor on that basis.  He contends, more specifically, that Defendant's assurance that it would attempt to secure him an alternate position within its organization tolled the running of the applicable filing requirement.

Plaintiff also asserts a statutory age discrimination claim under Ohio law and a claim that the termination of his employment violated Ohio public policy. Defendant argues for summary judgment in its favor with respect to both of those claims on legal grounds.

2. <u>The Summary Judgment Standard</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presented on a motion for summary judgment is construed in the light most favorable to the non-moving party, who is given the benefit of all favorable inferences that can be drawn therefrom. <u>United States v. Diebold, Inc.</u>, 369 U.S. 654 (1962). "The mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)(emphasis in original).

The Court will not grant summary judgment unless it is clear that a trial is unnecessary. The threshold inquiry to determine whether there is a need for trial is whether "there are

4

any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id.

The fact that the weight of the evidence favors the moving party does not authorize a court to grant summary judgment. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472 (1962). "[T]he issue of material fact required by Rule 56(c) . . . to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or a judge to resolve the parties' differing versions of the truth at trial." First National Bank v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

Moreover, although summary judgment must be used with extreme caution since it operates to deny a litigant his day in court, Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), the United States Supreme Court has stated that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive

determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). According to the Supreme Court, the standard for granting summary judgment mirrors the standard for a directed verdict, and thus summary judgment is appropriate if the moving party establishes that there is insufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Id. at 323; Anderson, 477 U.S. at 250.

Accordingly, summary judgment is clearly proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. Significantly, the Supreme Court also instructs that the "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion" against a party who fails to make that showing with significantly probative evidence. Id.; Anderson, 477 U.S. at 250. Rule 56(e) requires the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id.

Further, there is no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or similar materials negating the opponent's claim. Id. Rule 56(a) and (b) provide that parties may move for summary judgment "with or without supporting affidavits." Accordingly, where the

6

non-moving party will bear the burden of proof at trial on a dispositive issue, summary judgment may be appropriate based solely on the pleadings, depositions, answers to interrogatories, and admissions on file.

 3. Analysis

 A. The ADEA Claim

The parties tacitly agree that the timely filing of a charge with the EEOC is a prerequisite to bringing a civil suit under the ADEA. An action under a federal anti-discrimination statute based upon an alleged unlawful act that occurred earlier than 300 days before the filing of an EEOC charge relating to that act is barred by the statute of limitations. See, e.g., Janikowski v. Bendix Corp., 823 F.2d 945, 947 (6th Cir. 1987). The time requirements in those statutes are not jurisdictional; therefore, a party's failure to comply with those time requirements does not deprive this Court of jurisdiction over the subject matter of that party's claims. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995), cited with approval in Thomas v. Dept. of Veterans Affairs, No. 97-1929, 1998 WL 808376, *1 (6th Cir. Nov. 9, 1998); Forest v. United States Postal Service, 97 F.3d 137, 139 n.1 (6th Cir. 1996).

To determine when the statute of limitation began to run, the Court must identify the date upon which the plaintiff learned of the impending adverse employment action, regardless of when the action took effect. See Janikowski, 823 F.2d at 947. This gauge of the accrual of the cause of action applies even when an employer leaves open the possibility that the employee will continue working for the company in a different position. See id. Application of that gauge to the undisputed facts giving rise to the present action establishes that Plaintiff's ADEA claim is time-barred.

Plaintiff acknowledges that the November 9, 2001, letter he received from his employer advised him that his MBC position would be terminated. He further acknowledges that he did not file his charge of discrimination with the EEOC within 300 days of his receipt of that letter. He contends that the letter in question takes his case outside the operation of the general rule as set forth in Janikowski, supra, because of its strong suggestion that Defendant would search for an alternate position for Plaintiff within the organization. His contention is undermined by the similarity of those facts to the circumstances in the Janikowski case.

There, too, the plaintiff claimed that the expressed possibility of continued employment in a different position prevented the commencement of the limitations period. The Court

of appeals rejected that argument.  See Janikowski, 823 F.2d at 947.

Plaintiff argues that Judge Marbley of this Court has recognized a distinction between Janikowski and a case in which the employer makes more concrete or substantive promises with respect to an employee's prospects with the employer after being advised that his position is to be eliminated.  See Williams v. General Electric Co., 269 F.Supp.2d 958 (S.D. Ohio 2003). Plaintiff fails to note, however, that Judge Marbley withdrew the decision upon which Plaintiff's argument is based in express recognition that Janikowski is controlling authority in such circumstances.  See Williams v. General Electric Co., No. C2-01-681, slip op. at 3 (S.D. Ohio Oct. 23, 2003); see also Williams v. General Electric Co., No. 04-3540, 2005 WL 1916382, *2 (6th Cir. Aug. 11, 2005).  This Court is equally convinced that Janikowski is controlling authority with respect to the accrual of the ADEA claim in this action and that application of the rule set forth in Janikowski establishes that Plaintiff's filing with the EEOC was untimely.

Plaintiff has suggested that the Court ought to apply the doctrine of equitable tolling to prevent the application of the time bar to his ADEA claim.  He contends that Defendant's suggestion that it would search for an alternate position for Plaintiff ought to toll the statute of limitations.

9

The doctrine of equitable tolling is to be applied sparingly and only in exceptional circumstances. See Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987). Equitable tolling is generally limited to those circumstances in which an employee has been intentionally misled or tricked into missing the filing deadline. See Andrews v. Orr, 851 F.2d 146, 150 (6th Cir. 1988). The case for equitable tolling is especially strong when the employer or its agent has misled the employee concerning the deadline for the filing of a charge of discrimination. See id.

Courts refuse to apply equitable tolling when employees have failed to pursue their rights diligently. The United States Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct to allow the filing deadline to pass . . . [but we] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). In another decision, the Supreme Court flatly stated that "[o]ne who fails to act diligently cannot invoke the principles [of

equitable tolling] to excuse the lack of diligence." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).

To determine whether equitable tolling is appropriate in a particular case, the Court must consider five factors. See Andrews, 851 F.2d at 151. Those factors are as follows: (1) lack of actual notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the filing requirements. See id.

Plaintiff's arguments with respect to the equitable tolling doctrine and the elements supporting its application to his case are unpersuasive. He contends that he was lulled into inactivity by Defendant's November 9 letter. He does not contend that Defendant misled him about the requirements pertaining to the filing of a charge of discrimination with the EEOC, however. Moreover, any argument on Plaintiff's part that Defendant lulled him into inactivity during the statutory filing period is undermined to the point of nullity by the fact that Plaintiff learned no later than March 8, 2002, that Defendant would not continue to employ him after that date. In other words, Plaintiff knew no later than 119 days into the 300-day period that his employment with Defendant would not continue after the elimination of his MBC position became effective. He took no

11

action to protect his legal rights, nevertheless, during the remaining 181 days of the statutory period. The fault was not Defendant's. Plaintiff unreasonably remained ignorant of, or chose not to comply with, the 300-day filing requirement from March 8, 2002, until September 5, 2002, when the period expired. He did not comply with the filing requirement, even though he had contacted an attorney during that time period about his legal rights with respect to the termination of his employment. In the face of those undisputed facts, the Court finds no basis for the application of the equitable tolling doctrine to save Plaintiff's ADEA claim. Defendant's motion for summary judgment with respect to that claim is **GRANTED**.[1]

B. The Ohio Age Discrimination Claim

Plaintiff asserts a second statutory age discrimination claim pursuant to O.R.C. §§ 4112.14 and 4112.99. Defendant contends that the claim is barred by virtue of Plaintiff's having elected to file a claim with the EEOC before initiating this action.

An age discrimination plaintiff under Ohio statutory law may choose among remedies provided by O.R.C. §§ 4112.02(N),

---

[1] Plaintiff also argues that the statute of limitations ought to have been equitably tolled while he suffered from colon cancer, but he has not cited authority for that proposition. The Court has not independently found such authority. See, e.g., Lewis v. Bowlen, No. 99-6607, 56 Fed. Appx. 628, 629 (6th Cir. Dec. 20, 2001); Jenkins v. Widnall, No. 99-3918, 2000 WL 553957, **2 (6th Cir. April 28, 2000).

4112.05, and 4112.14(B).  Having chosen to pursue one of those remedies, however, that plaintiff is barred from pursuing either of the others by virtue of Ohio's election-of-remedies doctrine. Indeed, the statute itself includes language advising a person who elects to pursue the remedy made available by one of its provisions that he is precluding from pursuing the remedies made available by the others.  <u>See</u> O.R.C. §§ 4112.02(N), 4112.08, 4112.14(B).

> Of particular significance in the present matter is § 4112.08, which provides in pertinent part as follows:

>> any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code.

Section 4112.05 is the provision pursuant to which a person files a charge of age discrimination with the Ohio Civil Rights Commission ("OCRC").  Accordingly, application of the language of § 4112.08 establishes that the filing of a charge of age discrimination with the OCRC precludes the later filing of a civil action for age discrimination under O.R.C. §§ 4112.02(N) or 4112.14(B).

> Before initiating this action, Plaintiff filed his charge of age discrimination with the EEOC in Cincinnati. Defendant correctly observes that a charge of age discrimination

13

filed with the EEOC in Ohio is deemed to have been filed with the OCRC at the same time.  See Ohio Admin. Code § 4112-3-01(D)(3); Welker v. Goodyear Tire Co., No. 96-3045, 1997 WL 369450, **2 (6th Cir. July 1, 1997).  On that basis, Defendant contends that Plaintiff filed a charge with the OCRC before initiating this action and thereby elected the remedy made available under O.R.C. § 4112.05.

While neither the United States Court of Appeals for the Sixth Circuit nor the Ohio Supreme Court has considered whether the filing of an age discrimination charge with the EEOC has the election-of-remedies effect that a filing with the OCRC would have under the Ohio statutory scheme, this Court agrees with the analysis and conclusion of the court in Williams v. Allstate Insurance Co, No. 5:04CV2435, 2005 WL 1126761 (N.D. Ohio Apr. 9, 2005).  The express provisions of the statute, considered together with the Ohio Administrative Code provision and case law providing exceptions to the application of the election-of-remedies doctrine in cases in which the age discrimination charge is filed with the EEOC, rather than the OCRC, convince the Court that the Ohio Supreme Court would deem the filing of a charge with the EEOC in Ohio an election of the remedy provided by O.R.C. § 4112.05.

14

As the Court has noted, case law has carved out certain exceptions to the election-of-remedies doctrine. One particular exception is noteworthy in the present action.

A plaintiff may file a charge of age discrimination with the EEOC in order to preserve an ADEA claim for later prosecution without implicating the election-of-remedies doctrine by expressly acknowledging in the charge that no investigation is requested because the charge is being filed only to protect federal rights. See Morris v. Kaiser Engs., Inc., 14 Ohio St.3d 45, syllabus ¶ 1 (1984); Borowski v. State Chem. Mfg. Co., 97 Ohio App.3d 635, 642-43 (1994).

While Plaintiff argues that the exception identified in Morris and Borowski ought to be applied to his charge of age discrimination, he has not identified evidence tending to show that he advised the EEOC that he was filing the charge only to protect his rights under federal law and that no investigation by the OCRC was requested. In short, he did not invoke the exception until attempting to do so in response to Defendant's motion for summary judgment. In those circumstances, the conclusion that he elected the remedy made available by O.R.C. § 4112.05, precluding later pursuit of the remedy made available by O.R.C. § 4112.14(B), is ineluctable.

The Court is well aware that Plaintiff has also cited O.R.C. § 4112.99 as a basis for his state age discrimination

15

...

claim in his amended complaint. The parties have not argued about the implication of that alternative citation. In any event, the Court is convinced that the § 4112.99 claim is subject to dismissal on the same grounds as preclude Plaintiff's successful assertion of a claim under § 4112.14 in this action. See Talbott v. Anthem Blue Cross and Blue Shield, 147 F.Supp.2d 860, 862-64 (S.D. Ohio 2001). Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's state age discrimination claim to the extent that it is based upon either O.R.C. § 4112.14 or § 4112.99.

    C.  The Ohio Public Policy Claim

Plaintiff also asserts a claim under Ohio common law that Defendant wrongfully discharged him from his employment in violation of the Ohio public policy against age discrimination as embodied in the ADEA and Ohio's anti-discrimination statutes. Defendant contends that Ohio law does not recognize the independent public policy-based claim in contexts, such as that attendant to Plaintiff's claims in this action, in which the statutes identified as embodying the public policy provide an adequate remedy to protect employees and to preserve the public policy.

In 2002, the Ohio Supreme Court issued the decision in Wiles v. Medina Auto Parts, 773 N.E.2d 526, 535 (2002). The

16

Court determined that a plaintiff may not maintain a common law cause of action where the public policy at issue is found in a statute that otherwise provides remedies effectively vindicating the public policy.  Although the statute at issue in Wiles was the federal Family and Medical Leave Act, which the court determined contained sufficient remedies to protect the public policy, thus obviating the need for a separate common law remedy, courts have since viewed Wiles as establishing a general principle that is applicable to other statutes.  See, e.g., Schmauch v. Honda of America Mfg., Inc., 311 F.Supp.2d 631, 634-35 (S.D. Ohio 2003); Dolan v. St. Mary's Memorial Home, 794 N.E.2d 716, 719-21 (Ohio Ct. App. 2003); Moreover, in the wake of Wiles, courts are now finding that the remedies provided in the Ohio Civil Rights Act, which includes the Ohio statutes upon which Plaintiff based his age discrimination claim in this action, are sufficient to eliminate the need for a separate breach of public policy claim.  See Thaman v. Ohiohealth Corp., No. 2:03-CV-210, 2005 WL 1532550, *16 (S.D. Ohio June 29, 2005); Lewis v. Fairfield Hosp., 806 N.E.2d 185, 188-89 (Ohio Ct. App. 2004); Bicudo v. Lexford Prop., Inc., No. 03 MA 59, 2004 WL 1376241, *13 (Ohio Ct. App. June 15, 2004); Barlowe v. AAAA Int'l Driving School, No. 19794, 2003 WL 22429543, *8 (Ohio Ct. App. Oct. 24, 2003).  Indeed, on an earlier occasion, this Court questioned the need for a breach of public policy claim because

17

of the comprehensive remedies available under the Ohio Civil Rights Act.  See Rogers v. AK Steel Corp., No. C-1-96-987, 1998 WL 1753590, *6 (S.D. Ohio Apr. 16, 1998)(Beckwith, J.).

This Court concurs with the judgment of those courts holding that the remedies provided by the Ohio Civil Rights Act are sufficient to protect the public policy underlying the anti-discrimination laws, state and federal.  Section 4112.99 of the Ohio Revised Code provides that "[w]hoever violates [chapter 4112] is subject to a civil action for damages, injunctive relief, or any other appropriate relief."  The statute authorizes awards of back pay, front pay, and compensatory and punitive damages.  It also permits a trial court to order reinstatement in lieu of front pay.  See Rice v. CertainTeed Corp., 704 N.E.2d 1217, 1218 (Ohio 1999); Helmick v. Cincinnati Word Processing, Inc., 543 N.E.2d 1212, 1215 and 1215 n.3 (Ohio 1989); Potocnik v. Sifco Ind., Inc., 660 N.E.2d 510, 520 (Ohio Ct. App. 1995).

In short, O.R.C. § 4112.99 provides a comprehensive array of remedies to employment discrimination plaintiffs.  Because this is so, as explained by the Ohio Supreme Court in Wiles, the public interest embodied in the ADEA and Ohio's anti-discrimination statutes is not jeopardized by actions like those alleged by Plaintiff herein.  Accordingly, the separate cause of action under common law for violation of Ohio public policy is not necessary in the present context.  See Wiles, 773 N.E.2d at

18

531.  Defendant's motion for summary judgment with respect to Plaintiff's claim under Ohio common law is **GRANTED** for that reason.

4.  Conclusion

For the reasons set forth herein, Defendant's motion for summary judgment (Doc. 24) is hereby **GRANTED** in its entirety. This action is **CLOSED**.

**IT IS SO ORDERED.**

                                                /s/
                            Sandra S. Beckwith, Chief Judge
                            United States District Court